UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21632-Civ-GAYLES/TORRES

THI MEDICAL, S.A.C.,

    Plaintiff,

v.

FILMORE MANAGEMENT TRADING, LLC, et al.,

    Defendants.

_____/

**REPORT & RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS**

This matter is before the Court on TÜV Rheinland of North America, Inc.'s

("TRNA") motion to dismiss the complaint filed by THI Medical, S.A.C. ("Plaintiff")

[D.E. 11].   Plaintiff responded to TRNA's motion on June 10, 2021 [D.E. 21] to which

TRNA replied on June 24, 2021.   [D.E. 29].   Therefore, TRNA's motion is now ripe

for disposition.[1]   After careful consideration of the renewed motion, response, reply,

and relevant authority, and for the reasons discussed below, TRNA's motion should

be **GRANTED with leave to amend**.

## *I.      BACKGROUND*

Defendants allegedly conspired to provide Plaintiff with counterfeit 3M Masks

for distribution in Peru.   Plaintiff claims that it served TÜV Rheinland Group

---

[1]      On September 14, 2021, the Honorable Darrin P. Gayles referred all dispositive
matters to the Undersigned for a report and recommendation.   [D.E. 45].

("TUV"), a German corporation that allegedly falsely represented that the 3M Masks were authentic, by transmitting the summons and complaint to TRNA, its wholly-owned North American subsidiary.   [D.E. 1 at ¶ 17].   TRNA, a non-party, argues the suit against TUV should be dismissed because (1) it is a non-existent entity under Florida law and (2) Plaintiff has not provided TUV with proper service of process. Plaintiff disagrees on both issues, and it argues that TRNA lacks standing to dismiss the suit because it is not a party to the lawsuit.   In reply, TRNA argues it has standing because Plaintiff alleges it was the party served to effect service of process on TUV.

## II.   APPLICABLE LAW AND ANALYSIS

### A.   *Standing*

We first address whether TRNA has standing to file this motion to dismiss. Neither party cites to a case directly applicable to the facts here.   But at least one court in this Circuit has found that a non-party has standing to file a motion to dismiss on behalf of a non-legal entity.   S*ee Mt. Hebron Dist. Missionary Baptist Ass'n of AL, Inc. v. Hartford Co.*, 2017 WL 2486092, at *6 (M.D. Ala. Mar. 16, 2017), *supplemented*, 2017 WL 4838867 (M.D. Ala. Apr. 3, 2017), and *report and recommendation adopted*, 2017 WL 2485228 (M.D. Ala. June 8, 2017).   Moreover, an entity may quash service on behalf of others if it was served with process as an agent for the others.   *See Maale v. Francis*, 258 F.R.D. 533, 539 (S.D. Fla. 2009) (finding that an attorney had standing to quash service in her capacity as a person who was served with process as an agent of the three defendants).   We thus determine that

TRNA has standing in light of Plaintiff's claims that it effected service on TUV through TRNA.

### B.    *Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.   *Id*.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id*.; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).   "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).   Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").   In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).   Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*.; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2, (2012).   The

Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

"Whether a complaint should be dismissed for improper party is a question of law." E*lliott v. Sherwood Manor Mobile Home Park*, 947 F. Supp. 1574, 1578 (M.D. Fla. 1996) (citing *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992)).   Federal Rule of Civil Procedure 17(b) states: "Capacity to sue or be sued is determined as follows . . . (2) for a corporation, by the law under which it was organized; and (3) for all other parties by the law of the state where the court is located . . . ."   "Under Florida law, only natural persons or legal entities have capacity to sue [or be sued]." *In re Berris*, 2009 WL 1139085, at *2 (Bankr. S.D. Fla. Apr. 27, 2009) (citing *Underwriters a La Concorde v. Airtech Servs.*, 493 So. 2d 428, 429 (Fla. 1986) (J. Boyd, concurring in part and dissenting in part) ("It is axiomatic that the capacity to sue in court of Florida attaches only to natural or legal persons.")).

Here, the parties dispute whether TUV is a legal entity.   To support its position, TRNA's Chief Financial Officer and Treasurer, David Leers, provided a declaration.   Mr. Leers, being familiar with the legal entities related to TRNA, states that "TÜV Rheinland Group does not exist as a legal entity."   [D.E. 11, Ex. A].   On the other hand, Plaintiff argues that TUV is a legal entity because its website mentions "TUV Rheinland Group", there is a LinkedIn page for TUV Rheinland

Group, and there is a Bloomberg profile that refers to TUV Rheinland Group as a "company."   Plaintiff asserts that this internet search in addition to Plaintiff's well-pled allegations in the complaint establish that the German entity exists.

In practical terms, Plaintiff wants to sue the parent TUV entity based in Germany, but it appears it cannot figure out the correct entity name from an internet search.   And the one case cited by Plaintiff to support its position, does the opposite. That case, *Specialty Nat. Ins. Co. v. U-Save Auto Rental of Am.*, 2009 WL 928040 at *7 (M.D. Fla. Apr. 2, 2009), found that a name discrepancy of a corporation was not material because the identity of the corporation *could easily be ascertained through public records*.   Relying on this proposition, Plaintiff should be able to determine the correct name of the TUV legal entity in Germany it wants to sue through German public records.   This seems like a more prudent course of action instead of the Court relying on the first page results of a Google search.

Accordingly, TRNA's motion to dismiss the complaint against TUV should be **GRANTED**.   Plaintiff should have leave to amend the complaint to provide for the proper legal name of the TUV entity.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that TRNA's motion to dismiss the complaint against TUV [D.E. 11] should be **GRANTED with leave to amend.**

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely file

objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 20th day of October, 2021.

/s/ *Edwin G. Torres*  
EDWIN G. TORRES  
United States Magistrate Judge